# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

| | |
|---|---|
| MICHAEL EUGENE BLACK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 3:14-cv-01383-VEH-SGC |
| ) | |
| WARDEN LEON FORNISS, et al., ) | |
| ) | |
| Respondents. ) | |

## **MEMORANDUM OPINION**

On June 5, 2015, the magistrate judge entered a report recommending this petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by petitioner, Michael Eugene Black, be dismissed as time-barred and procedurally defaulted. (Doc. 35). The magistrate judge further recommended denial of a certificate of appealability. (*Id.* at 8-9). On June 17, 2015, Black, filed a pleading styled as "Show of Cause (Howling)," which the court construes as objections to the magistrate judge's report or, in the alternative, as a motion. (Doc. 37).

Black's objections primarily consist of reassertions of arguments and demands presented to and rejected by the magistrate judge. Black also contends the magistrate judge "failed to address equal protection under the law." (Doc. 37 at 1). Black has not presented a viable equal protection claim or demonstrated a right to habeas relief due to a violation of his equal protection rights. However, to the extent Black may have

attempted to present such a claim–and to the extent such a claim could be cognizable in a § 2254 petition–it would fail as procedurally defaulted and time-barred. *See Taylor v. Sec., Dept. of Corr.*, 507 F. App'x 887, 891 (11th Cir. 2013). Just as with the other claims asserted in the petition, Black has never presented an equal protection claim to the Alabama Supreme Court, either via direct appeal or a Rule 32 petition; even if he had, the claim would be time-barred here.

Having carefully reviewed and considered *de novo* all the materials in the court file, the court is of the opinion that the magistrate judge's findings are due to be and are hereby **ADOPTED** and her recommendation is **ACCEPTED**. To the extent the petitioner's filing of June 17, 2015 (Doc. 37), is construed as interposing objections to the report and recommendation, such objections are due to be and hereby are **OVERRULED**. To the extent the filing (Doc. 37) is construed as a motion, it is due to be and hereby is **DENIED**. Accordingly, the petition for writ of habeas corpus is due to be dismissed as procedurally defaulted and time-barred.

A Final Judgment will be entered.

**DONE** this 22nd day of June, 2015.

**VIRGINIA EMERSON HOPKINS**
United States District Judge